By the Court.—Sanford, J.
Upon the question of the plaintiff’s title to the notes in suit, and Ms right to maintain an action thereon, the weight of authority is adverse to the position contended for by the defendant. In Hays v. Southgate, 10 Hun, 511, the cases upon this point are collated and commented on, and it is laid down as the settled rule, established by numerous adjudications of the court of appeals, that in the absence of mala Jides in a plaintiff’s possession of *135 promissory notes, indorsed in blank, or specially to himself or his own order, the legal title is in him, and he is legally the real party in interest. The most recent case cited is that of Sheridan v. Mayor of New York, not yet reported, but decided by the court of appeals, December 22, 1876 (4 N. Y. Weekly Dig. 28). It was held in that case, that if plaintiff have a valid transfer as against his assignor, and holds the legal title to the demand, payment to him will protect the defendant against any claim by the assignor. He is, in such case, the real party in interest, under the code, and can maintain the action, even though, as between the parties thereto, it appears that the transfer is merely colorable.
There was no error in the refusal of the court to direct a verdict for the defendant, nor in charging that the defendant’s sanction and approval of the continued use of his name, by his late copartners, rendered him liable for the contracts of the firm. By allowing such use of his name, he held himself out to the world as a member of the firm, and it was wholly immaterial whether, as between himself and Ms co-defendants, there was a community of interest or not. If not partners inter sese, they were such as to all creditors who had dealings with them, without notice of their actual relations to each other. There is nothing in the case tending to show tliat the plaintiff, or the payees of the notes, from whom he derived title, had any notice or knowledge that the plaintiff was not a member of the firm, which carried on business under Ms name, with Ms consent and approval. The continued use of the firm name, by the defendant’s associates, after he ceased to be interested therein,' was not authorized by the statute (Laws of 1863, ch. 144), and the defendant is not protected from liability by the vain attempt of Ms associates to avail of, and comply with its provisions.
*136 The verdict is sustained by the evidence, and the defendant’s exceptions are untenable.
The judgment and order appealed from, should be affirmed with costs.
Curtis, Ch. J., concurred.